IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02671-PAB-KMT

DORIS GABLER,

    Plaintiff,

v.

HA HOUSING, LP, and
KIER PROPERTY MANAGEMENT AND REAL ESTATE, LLC,

    Defendants.

## ORDER OF REMAND

    This matter is before the Court *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant HA Housing, LP ("Housing"). Defendant claims that the Court has jurisdiction over the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Docket No. 1 at 1. The Court finds that the notice of removal is deficient with regard to citizenship of the parties and the amount in controversy.

    Section 1332(a) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir.

2004).  Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendant contends that the amount in controversy exceeds $75,000.  Docket No. 1 at 2-3.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Here, the complaint does not include a sum certain damages request.  *See* Docket No. 4.  Rather, it seeks non-economic damages for emotional pain, loss of enjoyment of life, loss of companionship, and economic damages.  *See* Docket No. 4 at 4-6.  The Court therefore must look to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy.  *See Laughlin*, 50 F.3d at 873.  When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Martin*, 251 F.3d at 1289-90.

In the notice of removal, defendant does not provide any basis upon which the Court could determine the amount in controversy.  Defendant notes that plaintiff seeks economic damages, non-economic damages, and damages for pain, suffering,

emotional distress, and loss of enjoyment of life, but does not suggest what monetary value the Court should attach to plaintiff's request. *See Khalil v. Dwyer Group,* Inc., 2011 WL 6140531, at *2 (D. Kan. Dec. 9, 2011) (remanding to state court because notice of removal relied exclusively on plaintiff's complaint which alleged an unspecified amount for costs, attorneys fees, and other and further relief); *cf. Nagim v. Abraham*, No. 11-cv-00731-REB-MEH, 2011 WL 1930399, at *2 (D. Colo. Apr. 5, 2011) ("Defendant merely alludes to the unspecified amount of punitive damages Plaintiff refers to in his request for relief . . . Defendant fails to meet his burden of proof in articulating evidentiary grounds for the satisfaction of the jurisdictional minimum amount."). Defendant also cites to the civil cover sheet completed by plaintiff in state court seeking a monetary judgment over $100,000. Docket No. 1 at 3; Docket No. 1-4 at 2. However, it is firmly established in this District that state court civil cover sheets indicating that a plaintiff is seeking "a monetary judgment for more than $100,000" against another party do not by themselves affirmatively establish the amount in controversy. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007). Thus, because defendant presents no affidavits, admissions, interrogatory responses, or other sources of information, defendant fails to meet its burden of proving facts supporting the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (discussing documentation that may be proffered to demonstrate the amount in controversy).

The notice of removal also fails to properly account for the citizenship of defendants. The notice avers the following regarding the citizenship of defendants:

- HA Housing, LP's principal office is located in Portland, Maine. Each of the partners of HA is also a resident of Portland, Maine. One of HA's partners is itself a limited liability company. Each of the members of this LLC are residents of Portland, Maine.

- Kier Property Management and Real Estate, LLC's principal offices are located in Ogden, Utah. Each of Kier's members are residents of Ogden, Utah.

Docket No. 1 at 3. While, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1) (2006); *see Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1187-90 (2010),[1] these considerations are irrelevant to the determination of an LLC's citizenship. Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus in this District and throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See Smith v. Locher*, No. 10-cv-00999-MSK, 2010 WL 2342475, at *1 (D. Colo. June 8, 2010); *U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009); *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48 (2d Cir. 2000); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Gen. Tech. Applications, Inc. v. Exro Ltda*,

---

[1] The Supreme Court recently clarified that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," that is, what is commonly referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010).

388 F.3d 114 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008);  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *cf. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (while not discussing LLCs in particular, noting that with regard to other types of non-corporate entities, "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' or 'each of its members'" (internal citations omitted)).

Defendant's allegations that "[e]ach of the partners of HA is also a resident of Portland, Maine" and that "[e]ach of the members of this LLC are residents of Portland, Maine" are not sufficient to explain the citizenship of each member in Housing's entire structure.  Similarly, defendant's allegations that "[e]ach of Kier's members are residents of Ogden, Utah" are also insufficient for jurisdictional purposes.  Not only do these allegations fail to identify the members of the LLCs, but defendant avers the residence (as opposed to the citizenship) of its alleged members and those of Kier.  Such an unverifiable showing of defendants' citizenship is insufficient for the Court to assure itself of its jurisdiction.  *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004) ("[I]t is . . . well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes.");

*accord GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (remanding case in part because defendants failed to allege the specific identities and citizenship of the members of an LLC which was a member of one of the defendants).  By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court); *Yates v. Portofino Real Estate Properties Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (finding that plaintiffs' amended pleading should address the citizenship of each of PREPCO's members without resorting merely to their "information and belief" as to the same).

In sum, the foregoing deficiencies in defendant's jurisdictional averments raise a number of uncertainties regarding the Court's exercise of jurisdiction over this matter.  Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand.  *Martin*, 251 F.3d at 1290; *see also Laughlin*, 50 F.3d at 873 ( "[T]here is a presumption against removal jurisdiction.").

Accordingly, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the District Court for the County of Denver, Colorado, where it was originally filed as Civil Action No. 2012 CV 5499.

DATED October 12, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge